**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 18 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50554 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-02791-JAH-1 |
| v. | |
| TONY LOMELI, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted February 4, 2016
Pasadena, California

Before: WARDLAW and HURWITZ, Circuit Judges and RICE,[**] Chief District
Judge.

Tony Lomeli was convicted after a jury trial for being a felon in possession of a

firearm in violation of 18 U.S.C. § 922(g)(1) and conspiracy to distribute

methamphetamine in violation of 21 U.S.C. § 846. He appeals those convictions

---

[*]     This disposition is not appropriate for publication and is not precedent except
as provided by 9th Cir. R. 36-3.

[**]     The Honorable Thomas O. Rice, Chief United States District Judge for the
Eastern District of Washington, sitting by designation.

and the 312-month sentence imposed on the conspiracy count. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Lomeli argues that evidence seized during a search of a residence should have been suppressed because of a purported misrepresentation in the affidavit supporting the warrant. But there was no misrepresentation; the affiant's knowledge that a co-conspirator had ordered methamphetamine was expressly indicated as having been based on "past intercepted conversations." Moreover, even assuming that the challenged statement was a misrepresentation, the remainder of the affidavit established probable cause for the search. *See Crowe v. County of San Diego*, 608 F.3d 406, 435 (9th Cir. 2010) (stating that a misrepresentation in search warrant affidavit violates the Fourth Amendment only "if there is no probable cause absent consideration of the misrepresented facts").

2. Lomeli urges that a Mexican birth certificate for "Antonio Lomeli Ceja" found in a safe during the search should have been excluded from evidence as hearsay, because it was not a self-authenticating foreign public document under Federal Rule of Evidence 902(3). However, the testimony of the agent who executed the search established that the proffered exhibit was the same birth certificate found in the safe. This satisfied Federal Rule of Evidence 901(a): "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what

2

the proponent claims it is," for instance, through testimony "that an item is what it is claimed to be," Fed. R. Evid. 901(b)(1). Lomeli's hearsay objection also fails; the birth certificate was not introduced to prove the truth of its contents regarding the date and place of his birth but rather to establish his dominion and control over the safe in which it was found, which also contained drugs and a firearm. *See* Fed. R. Evid. 801(c).

3. Lomeli obtained writs of habeas corpus ad testificandum for two incarcerated witnesses, Luis Rodelo and Veronica Ojeda, hoping they would testify that their own criminal conduct was not part of Lomeli's conspiracy. On cross-examination, Lomeli elicited from one government witness that the witness supplied Ojeda directly with drugs. But when questioned outside the presence of the jury, Ojeda stated that she intended to invoke her Fifth Amendment privilege against self-incrimination on cross-examination as to any matter not in the factual basis of her plea agreement. Because the government would have been unable to effectively cross-examine Ojeda on the scope of her participation in the conspiracy involving Lomeli, the district court did not abuse its discretion in precluding her testimony. *See United States v. Shirley*, 884 F.2d 1130, 1132-33 (9th Cir. 1989) (affirming decision to preclude testimony when it was cumulative and cross-examination would have been limited).

3

4. On the sixth day of trial, the district court learned that the Marshal would not be able to bring Rodelo to court for another two weeks. After listening to Lomeli's proffer as to Rodelo's testimony, the court suggested presenting Rodelo's testimony telephonically. Lomeli declined that offer. The court then declined to order physical production of Rodelo, but precluded the government from arguing that he was one of Lomeli's co-conspirators. Although Rodelo should have been produced in a timely fashion, even assuming the district court erred, any error was harmless in light of the district court's offer to allow telephonic testimony, the preclusion order, and the limited nature of Rodelo's testimony. *See United States v. Smith*, 924 F.2d 889, 896 (9th Cir. 1991) (stating that in deciding whether to have an incarcerated witness testify, the district court may consider "the difficulties in securing a prisoner's testimony versus the actual need for such testimony").

5. There was no procedural or substantive error in Lomeli's sentencing. The district court expressly weighed the 18 U.S.C. § 3553(a) factors before imposing a below-Guidelines sentence of 312 months. *See United States v. Carty*, 520 F.3d 984, 992-94 (9th Cir. 2008) (describing procedural sentencing requirements and noting that "a Guidelines sentence will usually be reasonable") (citation omitted).

**AFFIRMED**.